STATE OF NEW JERSEY, PLAINTIFF, v. CATHERINE
REGINA ROCK, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided August 30, 1988.

*James A. Ronca,* for plaintiff (*Stephen G. Raymond,* Burlington County Prosecutor, attorney).

*Janet L. Zoltanski,* for defendant (*Alfred A. Slocum,* Public Defender of New Jersey, attorney).

HAINES, A.J.S.C.

This opinion considers the June 28, 1988 amendments to the Comprehensive Drug Reform Act of 1986, concluding that they

are retroactive insofar as the penalties applying to Catherine Regina Rock in this matter are concerned.

Rock was indicted for alleged criminal activities occurring on September 25, 1987: possession of over one ounce of marijuana with intent to distribute, a third-degree crime, and possession of more than 50 grams of marijuana, a fourth-degree crime. Disorderly persons offenses were pending against her as well in connection with the same incident.

She pled not guilty to the indictment on May 17, 1988 but did not apply for admission to the pretrial intervention program (PTI) because she was unable to pay the mandatory penalties to be assessed under the drug act then in force. Those penalties amounted to $2250. *N.J.S.A.* 2C:35–15. The amendments to that act, effective June 28, 1988, reduced the penalties applicable to Rock. She states that she can pay those penalties and has therefore applied for admission to PTI out of time. She believes the new law should be applied retroactively.

The amendment added the following to *N.J.S.A.* 2C:35–15:

Every person placed in supervisory treatment pursuant to the provisions of *N.J.S.* 2C:36A–1 [conditional discharge] or *N.J.S.* 2C:43–12 [pretrial intervention] for a violation of any offense defined in this chapter or chapter 36 of this title shall be assessed the penalty prescribed herein and applicable to the degree of the offense charged, except that the court shall not impose more than one such penalty regardless of the number of the offenses charged. If the person is charged with more than one offense, the court shall impose as a condition of supervisory treatment the penalty applicable to the highest degree offense for which the person is charged.

By virtue of this enactment Rock's penalty, if she were admitted to PTI, would be reduced from $2250 to $1000.

This court has decided that the out-of-time application should be granted if, in fact, the drug act amendment is retroactive. There is no point in permitting the application otherwise since she cannot pay the penalties required by the old law.

■ The June 28, 1988 amendments contain no direction from the Legislature as to whether they are to be applied retroactively or prospectively. "[S]tatutes are generally given prospective application." *State v. Hughes,* 199 *N.J.Super.* 173, 179

(App.Div.1985), certif. den. 101 *N.J.* 286 (1985). However, when a new statute is ameliorative, reducing the penalty for a crime, as here, it is to be applied retroactively.

The Appellate Division in *Kendall v. Snedeker*, 219 *N.J.Super.* 283 (App.Div.1987), quoting from *People v. Oliver*, 1 *N.Y.*2d 152, 151 *N.Y.S.*2d 367, 134 *N.E.*2d 197 (Ct.App.1956), said:

> [W]here an ameliorative statute takes the form of a reduction of punishment for a particular crime, the law is settled that the lesser penalty may be meted in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date. [219 N.J.Super at 286]

The *Kendall* court also said:

> It is the reduction of a criminal penalty which constitutes the amelioration or mitigation and distinguishes such a criminal statute from a constitutionally prohibited *ex post facto* statute which "imposes a punishment for an act that was not punishable at the time it was committed, or that imposes additional punishment to that then prescribed." [219 N.J.Super at 286–287; citation and footnote omitted]

*Kendall* pointed out that every ameliorating amendment does not automatically require retroactive application. That application depends on whether the amendment was intended by the Legislature to mitigate harshness in the prior law. In the present case no legislative history is available indicating that the Legislature intended to mitigate harshness. However, the lowering of the monetary penalties cannot be seen as having any intended effect except one which relieves convicted drug offenders of harsher penalties. The effect is illustrated by the argument made in the present case. Rock says that she did not make an earlier application to PTI because she was unable to pay the drug penalties then required. She is able to pay the new, lesser penalties now in force, and therefore, seeks admission. The change in the law obviously ameliorated the old statute's harsher penalties.

It is of no moment that this opinion applies one part of the new legislation retroactively while other parts, not considered here, may not be so applied. Statutes can be both

prospective and retroactive. 2 *Sutherland, Statutory Construction* (4 ed. Singer *1986*) advises:

Although court opinions often designate statutes as either prospective or retrospective, the statutes in fact are often not susceptible to such clear characterization. Many statutes are both prospective and retrospective. [§ 41.-01 at 337–338]

The PTI director is therefore to accept Rock's application out of time and to consider it with the understanding that she is subject to the lower penalties imposed by the amended statute.